## Theodore Lange et al. v. Henry Seiter, etc.

1. VERDICTS—*Where the Court Will Direct.*—Where there is any testimony which, with all the fair inferences that may be drawn from it, tends to prove the necessary material issues of a case, the court will not direct a verdict.

2. INSTRUCTIONS—*Must be Based upon the Evidence.*—When the action is for services and there is no evidence tending, in any manner, to prove what the services rendered by the plaintiff were reasonably worth, an instruction raising the question as a material issue in the case on behalf of the plaintiff is erroneous.

Assumpsit, for services. Trial in the Circuit Court of St. Clair County; the Hon. WILLIAM HARTZELL, Judge, presiding. Verdict and judgment for plaintiff; error by defendant. Heard in this court at the August term, 1898. Reversed and remanded. Opinion filed March 10, 1899.

McGLYNN & RAFTER, attorneys for plaintiffs in error.

VAN HOOREBEKE & LOUDEN, attorneys for defendant in error.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit in assumpsit in the Circuit Court of St. Clair County, by defendant in error against the plaintiffs in error. The declaration alleges that Charles Parsons, Fred M. Blount and Henry D. Sexton were trustees, with power to sell and convey certain real estate described in the declaration, upon which was situate a milk condensing plant, and a creamery and dairy. That defendant in error, Seiter, entered into an agreement with plaintiffs in error, Lange and Grafeman, to procure for them an option to purchase said plant for sixty-five hundred dollars ($6,500), in consideration that they would cause to be formed a corporation to purchase said plant with a capital stock of sixty thousand dollars ($60,000), thirty thousand dollars ($30,000) preferred stock and thirty thousand dollars ($30,000) com-

mon stock.   Seiter to receive as compensation for his serv-
ices in procuring said option twelve thousand dollars
($12,000) of the preferred and six thousand dollars ($6,000)
of the common stock; that he did procure said option for
said Lange and Grafeman for said sixty-five hundred dollars
($6,500); that said Lange and Grafeman did organize a cor-
poration known as the " Lebanon Evaporated Cream Com-
pany," with a capital stock of sixty thousand dollars
($60,000), thirty thousand dollars ($30,000) preferred and
the remainder common stock; that in pursuance of said
contract the said Lange and Grafeman purchased from said
trustees said real estate or plant and caused the same to be
conveyed to the said corporation, the said Lebanon Evap-
orated Cream Company, and that by means thereof the said
Lange and Grafeman became liable to give and deliver to
said Seiter twelve thousand dollars ($12,000) preferred and
six thousand dollars ($6,000) common stock of said corpora-
tion; that though often requested they have refused to do
so, and that therefore the said Lange and Grafeman became
liable to pay the said Seiter eighteen thousand dollars
($18,000), and being so liable they promised to pay the same
when requested, yet they have not paid the same or any
part thereof, and therefore he sues, etc.   The declaration
also contained the common counts.

To the declaration plaintiffs in error plead the general
issue.   Trial was by jury.   Verdict and judgment in favor
of defendant in error for three thousand dollars ($3,000).

Among the errors assigned and argued are: That the
trial court erred in refusing the first and third instructions
asked on behalf of plaintiffs in error, and in giving the
first and third instructions on behalf of defendant in error.

The first of the refused instructions asked by plaintiffs
in error is one directing a verdict in favor of Grafeman.
The first of those given on behalf of defendant in error, is
concerning the issue as to whether Lange was acting for
Grafeman as well as for himself in his dealings with Seiter.
The third of those given on behalf of defendant in error is
as follows :

" The court further instructs you that if you believe from the evidence that Henry Seiter, at the request of the defendants, performed services for said defendants, then your verdict should be for the plaintiff in such sum as the evidence shows such services were reasonably worth."

It is contended that there was no evidence to warrant the court in submitting the case to a jury, and especially that there was no evidence tending to support the first and third instructions given on behalf of defendant in error.

Where there is any testimony which, with all the fair inferences that may be drawn from it, tends to prove all the necessary material issues of a case, the court should not direct a verdict.

Where there is any testimony, which with all the fair inferences that may be drawn from it, tends to prove any material issue in a case it is the duty of the court, when requested, to instruct the jury as to the law applicable to such issue, but it is error to give an instruction where there is no evidence nor any fair inference from the evidence to support it.

We are of opinion that there is sufficient evidence in this record to make it the duty of the court to submit the case to the jury, and that the evidence with the fair inferences that might be drawn therefrom so far supports the first instruction given on behalf of defendant in error as to warrant the court in giving it.

We find no evidence tending, in any manner or in any degree, to prove what the services rendered by Henry Seiter, " were reasonably worth." The third instruction on behalf of defendant in error raised that question as a material issue in the case, and there being no evidence to support it, that instruction was erroneously given.

The third instruction asked by plaintiffs in error is not the law as applicable to the facts of this case and was properly refused.

The judgment of the Circuit Court is reversed and the case remanded.